UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN TAYLOR,

    Plaintiff,

  v.

WILLIAM R. HYATTE, in his individual capacity, and DEPUTY WARDEN GEORGE PAYNE, JR., in his individual capacity and SGT. KORY BREATON, in his individual capacity,

    Defendants.

CAUSE NO. 3:23-CV-183-DRL-MGG

## OPINION AND ORDER

Brian Taylor, an inmate of the Miami Correctional Facility, sues Warden William R. Hyatte, Deputy Warden George Payne, Jr., and Sergeant Kory Breaton under 42 U.S.C. § 1983 for failing to protect him and thereby violating his Eighth Amendment rights. Warden Hyatte and Deputy Warden Payne ask the court to dismiss Mr. Taylor's claim against them under Federal Rule of Civil Procedure 12(b)(6). The court grants the motion as to these two defendants only.

## BACKGROUND

The complaint paints the following picture accepting its well-pleaded allegations as true for this motion and drawing inferences in the light most favorable to Mr. Taylor. Mr. Taylor is incarcerated in the Indiana Department of Corrections (IDOC). He received a thirty-year sentence on August 10, 2017, and was subsequently housed in the Miami Correctional Facility in December 2020. Warden Hyatte and Deputy Warden Payne work at Miami Correctional Facility.

Several days before December 11, 2020, Mr. Taylor was removed from his cell to allow prison officials to search for a cellphone. He remained in a different cell for three days and returned to his cell on December 11, 2020. He found that his property was stolen and that his cellmate had been

stabbed. That same day, Mr. Taylor was assaulted and stabbed multiple times causing serious life-threatening injuries. He was taken by helicopter to Lutheran Hospital for medical care.

After being treated, Mr. Taylor returned to the infirmary at Miami Correctional Facility to complete his recovery. On February 13, 2021, he was released from the infirmary and assigned to Restrictive Housing with specific instructions not to place him in general population. On February 16, 2021, Mr. Taylor filed a grievance and objected to his placement on a Level 4 security status. He was then released to general population.

On March 4, 2021, without seeming incident in the interim, Mr. Taylor was placed in the Administrative Housing Unit (AHU). He was assigned to an open dormitory that contained associates of the inmates who assaulted him in December. Mr. Taylor told prison officials, including Sergeant Breaton, that he did not feel safe and that he was in danger. Several hours after being placed in the AHU, Mr. Taylor was again assaulted in his cell and stabbed by two inmates.

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

DISCUSSION

The sole issue today is whether Mr. Taylor's Eighth Amendment claim against Warden Hyatte and Deputy Warden Payne states a plausible basis for relief. Warden Hyatte and Deputy Warden Payne argue that Mr. Taylor failed to state an actionable claim because he never alleges how or when they actually knew of any impending risk to his health or safety, or how they were personally involved in causing any constitutional deprivation.

"The Eighth Amendment, as incorporated by the Due Process Clause of the Fourteenth Amendment, prohibits a state from inflicting cruel and unusual punishment." *Santiago v. Lane*, 894 F.2d 218, 221 (7th Cir. 1990). Courts have held that "deliberate indifference by prison employees to a prisoner's serious illness or injury constitutes cruel and unusual punishment." *Id.* "The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 25 (1993)). Under this test, "an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.

Prison officials must "take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 832-33. But "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious,

3

culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

To establish deliberate indifference, a plaintiff must allege "that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough." *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Nor does making a "mistake" or exercising "poor judgment" satisfy the deliberate indifference standard. *Giles v. Tobeck*, 895 F.3d 510, 514 (7th Cir. 2018).

A system of vicarious responsibility does not exist for claims under the Eighth Amendment. *Burks v. Raemisch,* 555 F.3d 592, 593 (7th Cir. 2009). "Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Id.* at 594. Supervisors cannot be held liable "just because they know that violence occurs in prisons and don't do more to prevent it on an institution wide-basis." *Vance v. Rumsfeld*, 701 F.3d 193, 204 (7th Cir. 2011). A supervisor may not "be held liable unless they had some personal involvement in the alleged constitutional deprivation." *Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019).

Mr. Taylor plausibly pleads that he was incarcerated under conditions posing a substantial risk of serious harm. He says he was assaulted by other inmates on December 11, 2020 and his injuries were "life-threatening," requiring that he go by helicopter ambulance to the hospital. He alleges that he was assigned to an "open dormitory that contained associates of the inmates who assaulted him" and that he told prison staff that "he did not feel safe and that he was in danger." Mr. Taylor says he was assaulted several hours after being placed in the open dormitory. These facts adumbrate that he was incarcerated under conditions posing a substantial risk of serious harm.

But Mr. Taylor does not plausibly plead that Warden Hyatte and Deputy Warden Payne acted with deliberate indifference to his safety. Though the complaint posits their knowledge of the risk of serious harm if he was placed back into general population, the second attack occurred later when he was assigned to the AHU, not general population. That they "must have known" about the risk to Mr. Taylor's health and safety because he was "life flighted" from the prison following the attack on December 11, 2020 doesn't offer a plausible account of their knowledge for the second attack in the AHU nearly three months later.

Mr. Taylor alleges that he told Miami Correctional Facility staff that he was concerned about his safety. Though "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety," *McGill*, 944 at 349, the complaint falls short of alleging that Warden Hyatte and Deputy Warden Payne were aware, much less aware of a specific threat. *See, e.g.*, *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). Neither one can be held vicariously liable for their subordinates' actions. *See Vance*, 701 F.3d at 204. Mr. Taylor must show that these two individuals were "personally involved in the constitutional violation." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). As supervisors, they must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [they] might see." *Id.* Mr. Taylor doesn't allege that Warden Hyatte and Deputy Warden Payne were directly involved or plead any facts to suggest plausibly that they were directly involved, knew of the serious risk, or created a situation that encouraged the second attack. This pleading cannot survive a motion to dismiss as to these two defendants. *See Iqbal*, 556 U.S. at 678.

## CONCLUSION

Accordingly, the court GRANTS Warden Hyatte and Deputy Warden Payne's motion to dismiss pursuant to Fed. Civ. P. 12(b)(6) [ECF 12]. The case remains pending against Sergeant Kory Breaton.

SO ORDERED.

July 7, 2023  *s/ Damon R. Leichty*
 Judge, United States District Court